NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SOUTHERN BEVERAGE COMPANY,
Inc., State Beverage Company, Inc., and
Capital City Beverage Company, Respondents.

No. 27959.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1970.

Marcel Mallet-Prevost, Asst. Gen.
Counsel, Roger L. Sabo, Atty., Washington, D. C., John F. LeBus, Director, Region 15, New Orleans, La., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Nancy M. Sherman, David London, Attys., N. L. R. B., for petitioner.

C. Dale Stout, New Orleans, La., for respondents.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM:

The Labor Board here seeks enforcement of its order finding the three respondent companies had violated Section 8(a) (1), (3) and (5) and determining that a strike was an unfair labor practice strike.

We have carefully reviewed the record and, accepting the credibility findings of the Board as we must, we conclude that the circumstances surrounding the calling off of the lock-outs and the conditions placed upon the rehiring of former employees fully supported the Board's conclusion that this gave a retroactive coloration to the lockout. Such coloration resolved the issue of intent to the satisfaction of the Board, which concluded that the conduct of the company converted what was originally an economic strike into an unfair labor practice strike.

We conclude that the record supports the finding of fact and that the cases support the conclusion that these facts warrant a determination that where the anti-union motivation for the lock-out is established by independent evidence, anti-union motivation will convert an otherwise ordinary business act into an unfair labor practice. See National Labor Relations Board v. Erie Register Corp., 373 U.S. 221, 83 S.Ct. 1139, 10 L.Ed.2d 308 and N. L. R. B. v. Brown, 380 U.S. 278, 85 S.Ct. 980, 13 L.Ed.2d 839.

The order will be enforced.